Elliot J. Siegel (SBN 286798)
elliot@kingsiegel.com
Rachael E. Sauer (SBN 308549)
rsauer@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Ste. 201
Los Angeles, California 90014
Telephone: (213) 465-4802
Facsimile: (213) 465-4803

Attorneys for LUCINDA THOMPSON-PHILLIPS

Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
Jessica A. Taylor (SBN 301708)
E-Mail: jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LUCINDA THOMPSON-PHILLIPS, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and Does 1-10, Inclusive,<br><br>　　　　　　　　Defendants. | Case No.:  2:22-cv-01245-WBS-KJN<br><br>[*Removed from Sacramento County Superior Court, Civil Case No. 34-2022-00321245*]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Removal Filed:　　July 14, 2022<br>Complaint Filed:　June 7, 2022<br>Trial Date:　　　　May 15, 2024 |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Plaintiff Lucinda Thompson-Phillips and Defendant Wal-Mart Associates, Inc. (collectively, the "Parties" and individually a "Party") assert in support of their request that protection of the identified categories of confidential information as listed in Section 2 is necessary because this is an employment law action brought under the California Fair Employment and Housing Act, California Government Code section 12940, et seq.  This action is likely to involve medical, psychiatric, personal and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential health information, psychiatric information, personal information, information implicating privacy rights of third parties, and/or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties acknowledge that this Stipulated Protective Order ("Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 23, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a

party seeks permission from the Court to file material under seal. Accordingly, the parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

## Definitions of Confidential Material

2. Confidential Material, as used in this Order, consists of the following materials and categories of materials, to the extent they are designated as such by counsel for the Designating Party:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

> b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related

        Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

        c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as confidential information that is already public knowledge and agree that all designations shall be made in good faith, and as narrowly as practicable, consistent with FRCP 26(c).

    3.    The parties agree that, upon designation by counsel for any Designating Party and subject to any Receiving Party's challenge as set forth in Paragraph 20, such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

### Procedure for Designating Information as Confidential

    4.    To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of

///

Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

   a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

   b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.

  5. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new

designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraphs 12-13 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

### Data Security

6. The Parties agree to provide adequate security to protect data produced by the other parties or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Protective Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

### Clawback Provisions

7. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11. A producing party must give written notice to any receiving party asserting a claim of attorney-client privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  The parties shall meet and confer regarding any clawback request.

### Who May Receive Confidential and Highly Confidential Information

12. *Confidential Material.*  Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, court reporters in this proceeding, and any deposition, trial or hearing witnesses in the case (including consulting and testifying experts).,

13. *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

14. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

15. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as **Exhibit A**, prior to the disclosure of Confidential Material.

16. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

## Authorized Uses of Confidential Material

17. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

18. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

///

19. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

### **Challenges to the Designation of Confidential Material**

20. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

### **Withholding of Information**

22. *Redactions*. The parties may redact (1) information that they in good faith believe is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) private, non-relevant information,

including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

### Confidential Material In Filings, Hearings, and Trial

23. *Confidential Material in Filings.*  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 141. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue.

24. *Manner of Sealing.*  In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph 23 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

///

25. *Confidential Material in Hearings and Trial.* The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

**Continuing Effect of this Order and Duty to Destroy**

26. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within sixty (60) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials subject to this Order were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 60-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

**Procedure if Confidential Material Is Required to be Produced**

27. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated

as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

### Application of this Order to Productions by Third Parties

28. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

29. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

30. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

31. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 14, 2023

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Jessica A. Taylor*
Jason A. Geller
Juan C. Araneda
Jessica A. Taylor
Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

Dated: July 14, 2023

KING & SIEGEL LLP

By: */s/ Rachel E. Sauer (As Authorized 7/14/2023)*
Elliot J. Siegel
Rachael E. Sauer
Attorneys for Plaintiff
LUCINDA THOMPSON-PHILLIPS

**ORDER**

The court has reviewed the parties' stipulated protective order. (See ECF No. 94.) The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The court APPROVES the protective order, subject to the following clarification. Once an action is closed, "the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: July 17, 2023

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

thom.1245

**EXHIBIT A TO ORDER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA THOMPSON-PHILLIPS, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and Does 1-10, Inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:22-cv-01245-WBS-KJN<br><br>[*Removed from Sacramento County Superior Court, Civil Case No. 34-2022-00321245*]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Removal Filed:　　July 14, 2022<br>Complaint Filed:　　June 7, 2022<br>Trial Date:　　　　May 15, 2024 |

**AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER**

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Protective Order has been entered in the above-captioned lawsuit. A copy of this Protective Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Protective Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order may

subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Protective Order.

    4.  I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

    5.  Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____                     _____

                                                 Signature

                                         _____

                                                 Printed Name

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 1 Montgomery Street, Suite 3400, San Francisco, California 94104.

On July 14, 2023 I served the foregoing document entitled: STIPULATED PROTECTIVE ORDER on all the appearing and/or interested parties in this action by placing ☐ the original ☒ a true copy thereof addressed as follows:

| | |
|---|---|
| Elliot Siegel<br>Rachael Sauer<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201<br>Los Angeles, CA 90014 | **Attorneys for Plaintiff**<br><br>T:   (213) 465-4802<br>F:   (213) 465-4803<br>E:   elliot@kingsiegel.com<br>     rsauer@kingsiegel.com<br>     sarah@kingsiegel.com<br>     tiffany@kingsiegel.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - I certify that on the date below, I served the above listed document(s) via electronic mail to the listed recipient(s) email address(es) and such transmission was sent from the following sender: lhamann@fisherphillips.com. I did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed July 14, 2023 at San Francisco, California.

Lisa Hamann
Print Name

By: _____
Signature