Elliot J. Siegel (SBN 286798)
elliot@kingsiegel.com
Rachael E. Sauer (SBN 308549)
rsauer@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Ste. 201
Los Angeles, California 90014
Telephone: (213) 465-4802
Facsimile: (213) 465-4803

Attorneys for Plaintiff
LUCINDA THOMPSON-PHILLIPS

Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
Jessica A. Taylor (CA SBN 301708)
Jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 490-9000
Facsimile:   (415) 490-9001

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LUCINDA THOMPSON-PHILLIPS, an individual,<br><br>Plaintiff,<br>vs.<br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and Does 1-10, Inclusive,<br><br>Defendants. | Case No.:  2:22-cv-01245-WBS-KJN<br><br>[*Removed from Sacramento County Superior Court, Civil Case No. 34-2022-00321245*]<br><br>**JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF, TRIAL, AND ASSOCIATED DATES**<br><br>Removal Filed:    July 14, 2022<br>Complaint Filed:  June 7, 2022<br>Trial Date:           October 22, 2024 |

1

JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF, TRIAL, AND ASSOCIATED DATES

Plaintiff LUCINDA THOMPSON-PHILLIPS ("Plaintiff") and Defendant WAL-MART ASSOCIATES, INC. ("Defendant"), (collectively the "Parties"), by and through their respective counsel, do hereby stipulate and respectfully request that the Court modify the deadlines set forth in the Court's Order granting the Parties' Amended Joint Stipulation to Continue Discovery Cutoff, Trial, and Associated Dates due to delays encountered by the Parties due to Plaintiff's medical provider's refusal to produce Plaintiff's mental health records.

In support of this Stipulation, the Parties state as follows:

WHEREAS, the Parties wish to continue all deadlines set in accordance with the Court's Order granting the Parties' Amended Joint Stipulation to Continue Discovery Cutoff, Trial, and Associated Dates, dated August 24, 2023 (Document 17) (the "Order"), starting with the February 16, 2024 expert disclosure deadline;

WHEREAS, the Parties previously met and conferred on the scope of medical records Defendant sought to subpoena from Plaintiff's physicians. Included among those records are Plaintiff's mental health records, which are subject to a Stipulated First Look Agreement entered into by the Parties;

WHEREAS, on August 25, 2023, Defendant issued a subpoena to Kaiser Permanente (the "Subpoena") demanding production of Plaintiff's medical records, including her mental health records;

WHEREAS, on October 17, 2023, Kaiser responded to the Subpoena producing billing records, only;

WHEREAS, Kaiser initially refused to produce medical records for Plaintiff because its Release of Information Department asserted that it had not received a valid authorization for release of records from Plaintiff, even though Plaintiff's counsel provided them same to Kaiser directly on multiple occasions between August 2023 and October 2023;

WHEREAS, on October 26, 2023, Kaiser released 1,045 pages of Plaintiff's medical records to Plaintiff's counsel, pursuant to the Parties Stipulated First Look Agreement, which provided Plaintiff's counsel thirty (30) days to review and apply redactions to the records ahead of production to counsel for Defendant;

WHEREAS, Plaintiff's counsel produced 1,045 pages of Plaintiff's medical records, with redactions, to Defendant's counsel on November 13, 2023;

WHEREAS, after the parties attended mediation on December 18, 2023, Defendant's counsel learned for the first time that the Kaiser maintained but had not produced mental health records for Plaintiff;

WHEREAS, on January 9, 2024, after multiple attempts to contact Kaiser regarding Plaintiff's missing mental health records, Kaiser claimed that it did not have a proper authorization to release Plaintiff's mental health records at the time of production pursuant to the initial Subpoena (which both Parties contest), that the record request had since been closed and could not be reopened, and confirmed that it could not produce any further records without a new subpoena;

WHEREAS, on January 10, 2024, Defendant served upon Plaintiff a Notice of Intent to Serve Subpoena on Kaiser in order to obtain Plaintiff's mental health records;

WHEREAS, Defendant does not anticipate receiving responsive records from Kaiser for at least once month, however, given the previous delays and issues obtaining records from Kaiser, it is possible that the production may take significantly longer;

WHEREAS, once Kaiser produces responsive documents to the Subpoena, the records must be reviewed by Plaintiff's counsel prior to production to Defendant, pursuant to the Parties Stipulated First Look Agreement, providing Plaintiff's counsel an additional thirty (30) days following receipt of Plaintiff's medical records to review and redact those records based on relevancy and privacy rights;

WHEREAS, thereafter, additional time will be necessary to schedule depositions for Plaintiff's physicians, and conduct a psychological evaluation of Plaintiff with a qualified expert, to the extent one is necessary;

WHEREAS, Plaintiff's physicians' depositions cannot be scheduled until Plaintiff's medical records have been received;

WHEREAS, Defendant cannot retain a qualified expert and submit an expert report regarding Plaintiff's mental health and allegations related to emotional distress until Plaintiff's medical records have been received and Plaintiff's physicians' depositions have been conducted;

WHEREAS, the February 16, 2023 expert disclosure deadline and April 12, 2023 discovery cut off are not practicable for the Parties, and prejudice would result should they be required to proceed to expert discovery, dispositive motions, and trial without completing further discovery;

WHEREAS, the October 22, 2024 trial date currently scheduled in this matter will not allow for the additional time needed to complete necessary discovery detailed herein;

WHEREAS, the Parties wish to continue the trial date in this matter until at least March 25, 2025, or a date thereafter convenient to the court, to permit sufficient time to complete all necessary discovery prior trial;

WHEREAS, one prior extension of discovery deadlines or trial continuance in this matter has been sought by the Parties;

WHEREAS, the proposed extension of the deadlines for completing discovery will not delay or prejudice the timely resolution of this case;

WHEREAS, Federal Rule of Civil Procedure 16(b)(4) requires good cause and judicial consent as prerequisites to modifying a scheduling order; and

IT IS THEREFORE JOINTLY STIPULATED AND AGREED, by and between the Parties through their respective counsel of record, and the Parties respectfully request that the Court Order as follows:

1. The deadline for the Parties to disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be no later than July 19, 2024;
2. The deadline for the Parties to disclose experts and produce reports intended solely for rebuttal in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be on or before August 19, 2024;
3. The deadline for all discovery to be completed shall be September 13, 2024;
4. The deadline for all motions to be filed shall be November 4, 2024;
5. The final pre-trial conference is set for January 13, 2025 at 1:30 p.m.; and
6. Trial for this matter shall begin on March 25, 2025 at 9:00 a.m.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 12, 2024 | FISHER & PHILLIPS LLP |
|  | By:  */s/ Jessica A. Taylor* |
|  | Jason A. Geller |
|  | Juan C. Araneda |
|  | Jessica A. Taylor |
|  | Attorneys for Defendant |
|  | WAL-MART ASSOCIATES, INC. |
|  |  |
| Dated:  January 12, 2024 | KING & SIEGEL LLP |
|  | By:  */s/ Rachael E. Sauer* |
|  | Elliot J. Siegel |
|  | Rachael E. Sauer |
|  | Attorneys for Plaintiff |
|  | LUCINDA THOMPSON-PHILLIPS |

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  January 12, 2024

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE