Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
Jessica A. Taylor (CA SBN 301708)
Jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

Elliot Siegel (SBN 286798)
elliot@kingsiegel.com
Rachael Sauer (SBN 308549)
rsauer@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Suite 201
Los Angeles, CA 90014

Attorneys for Plaintiff

LUCINDA THOMPSON-PHILLIPS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LUCINDA THOMPSON-PHILLIPS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and Does 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01245-WBS-CSK<br><br>[*Removed from Sacramento County Superior Court, Civil Case No. 34-2022-00321245*]<br><br>**MODIFIED ORDER APPROVING JOINT STIPULATION FOR PLAINTIFF TO UNDERGO MENTAL EXAMINATION PURSUANT TO FRCP 35**<br><br>Removal Filed: July 14, 2022<br>Complaint Filed: June 7, 2022<br>Trial Date: March 25, 2025 |

1    Plaintiff LUCINDA THOMPSON-PHILLIPS ("Plaintiff") and Defendant WAL-MART
2    ASSOCIATES, INC. ("Defendant") (collectively referred to herein as the "Parties"), by and
3    through their undersigned counsel of record, hereby stipulate as follows:
4    **WHEREAS**, Plaintiff acknowledges that her mental state is in controversy, and good
5    cause exists for a mental examination of Plaintiff as specified below; and
6    **WHEREAS**, the Parties wish to avoid the unnecessary waste of time and resources in
7    making and opposing any motion to compel Plaintiff's mental examination;
8    **THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY PLAINTIFF**
9    **AND DEFENDANT THAT**:
10   Plaintiff will submit to a mental examination in accordance with Federal Rule of Civil
11   Procedure, Rule 35 (the "Examination").
12   The date of the Examination shall be July 8, 2024, beginning at 10:00 a.m. Pacific
13   Standard Time.
14   The examining doctor will be Dr. R. Scott Johnson, M.D. and such assistants and
15   colleagues as Dr. Johnson may call upon to assist or advise him on the Examination. ~~Attached~~
16   ~~hereto as Exhibit A is a true and correct copy of Dr. Johnson's Curriculum Vitae setting forth his~~
17   ~~qualifications and background.~~
18   The Examination will take place at 180 Promenade Circle, Suite 300, Sacramento,
19   California 95843. The Examination will take place over three and a half hours of clinical
20   interviews and one and half hours of testing, excluding any breaks, which can be taken as
21   needed.
22   The only individuals permitted to be present during the Examination are Plaintiff, Dr.
23   Johnson, and members of Dr. Johnson's staff necessary to facilitate the Examination. The
24   Examination will be conducted outside the presence of any of the Parties' attorneys or other
25   representatives.
26   The Examination will consist of a Clinical Interview and Psychological Testing of
27   Plaintiff, including the administration of the following psychological tests or assessments:

  Writing Test: In addition to a Clinical Interview, the Examination will also include psychological testing of the Plaintiff ("Testing Portion"). The Parties agree and stipulate that this testing will be necessary to assess the psychological complaints of Plaintiff. The Testing Portion will consist of a comprehensive assessment of Plaintiff's psychological symptoms, mental disorders, and personality traits - all of which have a direct bearing upon obtaining accurate psychiatric diagnoses as well as facilitating an estimate of the degree of current functional impairment and/or subjective distress (if any). The utilization of several tests and methods is the most accurate and widely accepted professional approach to arriving at reliable and valid inferences from psychological test data regarding diagnosis, functional impairment, and subjective distress. The tests to be administered, scored, and analyzed to be administered, are common in the industry. These tests include: MoCA, TOMM, Rey, SCID-5-CV, PASAT, MSVT, MENT, M-FAST, SIMS, SIRS, b test, PDS, TSI-2 ("Testing Materials"). This approach is most likely to yield reliable and valid clinical evidence to be presented to the trier of fact. Dr. Johnson will determine during the course of the evaluation which of the Testing Materials are appropriate to be administered, based upon the structured Clinical Interview portion of the evaluation.

  The duration of the Testing Portion will take approximately 90 minutes, excluding appropriate breaks; additional time will be required if needed by Plaintiff.

  The mental examination will involve no physical examination and involve no blood tests or other intrusive medical studies or procedures. The Examination will not include any test or procedure that is protracted, intrusive, unduly burdensome, or painful.

  The conditions and scope of the Examination will be a clinical, diagnostic, and background interview by Dr. Johnson focused on the mental or psychiatric impact of Plaintiff's alleged distress and emotional injuries she allegedly suffers from since her employment with Defendant, and the potential factors impacting Plaintiff's emotional distress.

  The duration of Dr. Johnson's total Examination and evaluation of Plaintiff will be no longer than five (5) hours, excluding any breaks taken.

The Clinical Interview portion of the Examination shall be recorded by Dr. Johnson, but the psychological Testing Portion cannot. This recording shall be produced to Plaintiff.

Following the testing of Plaintiff by Dr. Johnson, a copy of the actual test pages, raw data generated and all test results, if any, regarding Plaintiffs will be exchanged simultaneously with Plaintiff's respective experts in the specified field of expertise, whose direct contact information will be provided at a subsequent time.

It is further stipulated that Defendant will be responsible for all fees of Dr. Johnson associated with this mental examination, including Dr. Johnson's cancellation policy. Plaintiff shall comply with Dr. Johnson's cancellation policy and, in the event of cancellation, will promptly reschedule the examination. Plaintiff agrees to notify Defendant if she is unable to attend this Examination for any reason at least 10 days prior to the Examination in order to avoid cancellation fees ("Cancellation Policy"). Plaintiff shall be responsible for payment of any cancellation fees for any cancellation by Plaintiff that does not comply with Dr. Johnson's Cancellation Policy (at least 4 business days' notice, otherwise $900 fee to cancel or reschedule). In the event of cancellation, Plaintiff and Defendant agree to work together to promptly reschedule the examination.

**IT IS SO STIPULATED.**

Dated: June 26, 2024

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/ *Juan C. Araneda*
Jason A. Geller
Juan C. Araneda
Jessica A. Taylor
Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

Dated: June 26, 2024

                                          KING & SIEGEL LLP

By: *Rachael Sauer* (as authorized on 6/26/24)
      Elliot J. Siegel
      Rachael E. Sauer
      Attorneys for Plaintiff
      LUCINDA THOMPSON-PHILLIPS

**ORDER**

PURSUANT TO STIPULATION AS MODIFIED, IT IS SO ORDERED.

Dated: June 28, 2024

HON. CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, thom.1245